IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS,

Plaintiff,

v.

C. GRANTHAM CO., INC., and
JAMES QUIRIN individually,

Defendant.                                                            No.09-622-DRH

## ORDER AND DEFAULT JUDGMENT

**HERNDON, Chief Judge:**

This matter comes before the Court upon Plaintiffs' motion for entry of default judgment (Doc. 10). Plaintiffs are various pension, welfare, and related joint labor-management funds who brought this Complaint as "employees welfare benefit funds" (the "Funds"). Plaintiffs allege that Defendants entered into an Agreement to participate in the Funds to make fringe benefit contributions for his employees represented by local laborers' unions affiliated with the Funds (Doc. 5 ¶¶ 4, 6, 9, 12, & 17; Exs. 1-5). According to Plaintiffs, Defendants' agreement with the Funds thereby obligated him to pay fringe benefit contributions pursuant to the terms of the Agreement, as well as made him liable for reasonable attorneys' fees and costs associated with any effort the Funds required to collect delinquent contributions from Defendants (*Id*. at ¶ 20(e), Exs. 1-5). Additionally, the Agreement also stated that Defendant would be liable to pay liquidated damages on all of his delinquent contributions (*Id*. at ¶ 20(c)). Plaintiffs allege that Defendant breached his obligation

under the Agreement by failing to make payment of contributions and liquidated damages and being delinquent in reporting the hours worked by employees (***Id***. at ¶21).

Plaintiffs moved for default judgment against Defendants in the total amount of Two Thousand Twenty-Seven Dollars and Fifty-Seven Cents ($2,027.57), representing his indebtedness to Plaintiffs for report form shortages in the amount of $348.50, liquidated damages in the amount of $674.07, as well as attorney fees, costs, and expenses in the amount of $1,005.00.

The docket reflects that Defendants were in default; an entry of default was issued by the Clerk on September 29, 2009 (Doc. 9).

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED.R.CIV.P. 55(a).** The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. ***Homer v. Jones-Bey*, 415 F.3d 749, 753 (7th Cir. 2005).** "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-pleaded. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**.

Plaintiff must then establish a right to the requested relief sought.  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" prayed for in the demand for judgment. **FED.R.CIV.P. 54(c).**  Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment.  *In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party.  *Id*.  Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits."  *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793.

Plaintiffs have provided several evidentiary items attached as exhibits, to support their motion for default judgment (Doc. 5, Exs. 1-5; Doc. 10, Ex. 1). Plaintiffs have provided the Court with copies of the Agreement signed by the Defendants and representatives of the Defendants for the relevant dates (Doc. 5, Exs. 1-5), a copy of the breakdown of the amounts due and owing (Doc. 5, Ex. 6)[1], a copy of itemized billing statements showing attorneys' fees and costs (Doc. 10 Ex. 1), as well as an affidavit (*Id*.).  The Court finds adequate documentary evidence to show

---

[1] Plaintiffs state that Defendants failed to cooperate with an audit request but have obtained the damages amount upon careful review of the records that were submitted by Defendants (Doc. 11 & 10 ¶ 24).

that Defendant's contractual obligations with the Funds existed for the time period at issue in this case. Thus, for the time period sought by Plaintiffs, the Court finds the evidence adequate to support Plaintiffs' allegations that Defendant was contractually obligated to pay contributions. The Court also finds that the exhibits submitted by Plaintiffs adequately substantiate the amount of delinquent contributions sought. The itemized billing statements also serve to substantiate the amount sought in associated attorneys' fees and costs. Therefore, **IT IS ORDERED AND ADJUDGED** that Plaintiffs' Motion for Default Judgment (Doc. 10) is **GRANTED**. Accordingly, Judgment is entered in favor of Plaintiff, **Central Laborers' Pension, Welfare and Annuity Funds**, and against Defendants, **C. Grantham, Co.,** and **James Quirin**, individually, in the amount of $674.07 in liquidated damages, $348.50 in report form shortages known to be due and owing from Defendants, and $1,005.00 in associated attorneys' fees and costs, for judgment in the amount of **$2,027.57**.

    IT IS SO ORDERED.

    Signed this 30th day of November, 2009.

/s/   David R Herndon
**Chief Judge**
**United States District Court**